**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCY**
**PADUCAH DIVISION**
**CASE NO. 5:13-CV-00027**

**KARAM, INC.**                                                                                        **APPELLANT**

v.

**BW LOAN HOLDINGS, LLC**                                                 **APPELLEE**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Appellee's motion to dismiss the Appellant's bankruptcy appeal. (Appellee's Mot., Docket Number ("DN") 10.) The Appellant has not responded and the time to do so has expired. The Court will consider the Appellee's motion without the benefit of a response from the Appellant. For all of the following reasons the Appellee's motion is **GRANTED** and the Appellant's bankruptcy appeal is **DISMISSED AS MOOT**.

**I.**

This bankruptcy appeal arises from two bankruptcy cases instituted by Appellant Karam, Inc. ("Karam" or "Debtor"). The first bankruptcy petition ("*Karam I*") was filed on May 2, 2012, in response to a foreclosure action by Appellee BW Loan Holdings, LLC ("BW Loan Holdings" or "Lender") in state court. By filing the bankruptcy petition, Karam used the automatic stay in Section 362(a) of Title 11 to temporarily halt the foreclosure sale of its sole asset, the Quality Inn hotel located in Murray, Kentucky. The foreclosure sale was scheduled to take place on May 18, 2012, but was halted by the automatic stay.

During early proceedings in *Karam I*, BW Loan Holdings moved the bankruptcy court to lift the automatic stay so that it might complete the foreclosure sale. The court continued the motion on several occasions while Karam attempted to develop a Chapter 11 reorganization plan.

1

None of Karam's proposed plans were ever approved by its creditors, however. Realizing that its reorganization plans would not receive approval, Karam moved to dismiss the bankruptcy case on January 15, 2013. Shortly thereafter, on January 17, 2013, BW Loan Holdings also moved to dismiss.

On January 24, 2013, the bankruptcy court heard arguments on the Lender's motion to lift the stay and the motion to dismiss. The next day, the court granted both motions. Thereafter, BW Loan Holdings returned to state court and rescheduled the foreclosure sale of the hotel, which was no longer subject to the automatic stay. The foreclosure sale was rescheduled for March 14, 2013.

In the interim, two other events occurred. First, on February 7, 2013, Sewa Bhinder ("Bhinder"), the president of Karam, filed a notice of appeal with this Court. In the notice Bhinder contends that the bankruptcy court erred when it lifted the automatic stay and granted the Lender's motion to dismiss the bankruptcy case. It should be noted that Bhinder filed the appeal on his own accord on behalf of Karam and not through retained counsel. Second, on March 11, 2013, just three days prior to the foreclosure sale, Karam, through newly retained counsel, filed a second bankruptcy petition ("*Karam II*"). Again, it appears that Karam filed the second petition to delay the foreclosure sale.

BW Loan Holdings again moved to lift the stay imposed in *Karam II*. The bankruptcy judge granted the motion because, pursuant to 11 U.S.C. § 362(n), no automatic stay arose upon the filing of *Karam II*. Without a stay to impede the foreclosure sale, the hotel was auctioned on March 14, 2013. The Lender purchased the hotel with a credit bid. Soon thereafter, on March 25, 2013, Karam moved to dismiss *Karam II*, and the motion was granted on March 26, 2013. BW Loan Holdings now moves to dismiss Karam's appeal from dismissal of *Karam I*.

## II.

Karam's appeal must be dismissed because any appeal from *Karam I* was rendered moot on March 14, 2013, when the hotel was sold at the foreclosure auction. This outcome is mandated by the "bankruptcy mootness rule." The rule is that a bankruptcy "appeal will be dismissed as moot if a debtor fails to obtain a stay pending appeal of a bankruptcy court order granting relief from the automatic stay and the moving creditor subsequently conducts a foreclosure sale, as the appellate court cannot grant any effective relief." *Egbert Dev., LLC v. Community First Nat'l Bank (In re Egbert),* 219 B.R. 903, 905 (B.A.P. 10th Cir. 1998). "'Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets.' The bankruptcy mootness rule differs from general mootness law because it is based on 'the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot, *and* the particular need for finality in orders regarding stays in bankruptcy.'" *In re 255 Park Plaza Associates Ltd. P'ship*, 100 F.3d 1214, 1216 (6th Cir. 1996) (quoting *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.),* 846 F.2d 1170, 1171, 1172 (9th Cir. 1988)).

The bankruptcy mootness rule clearly applies in this case. On January 25, 2013, the bankruptcy court granted BW Loan Holding's motion to lift the automatic stay and to dismiss the bankruptcy petition in *Karam I*. At that point the automatic stay no longer prevented the foreclosure sale of the hotel, and the Lender rescheduled the sale for March 14, 2013. On February 7, 2013, Karam appealed the bankruptcy court's decisions to the lift that stay and dismiss the petition in *Karam I*. Upon filing the appeal Karam did not request that the stay be reinstituted during the pendency of the appeal, and merely filing the appeal did not revive the stay or otherwise prohibit the sale.

On March 11, 2013, Karam filed the second bankruptcy petition in *Karam II*. Although the automatic stay typically follows that filing of a bankruptcy petition, the bankruptcy judge found that the stay was not imposed under the terms of 11 U.S.C. § 362(n). Specifically, the automatic stay will not attached where a debtor "was a debtor in a small business case that was dismissed for any reason by an order that became final in the 2-year period ending on the date of the order for relief entered with respect to the petition." 11 U.S.C. § 362(n)(2). Because *Karam I* was dismissed within two years of *Karam II*, the automatic stay did not apply upon the filing of the second case. Therefore, *Karam II* did not impede or otherwise prohibit the foreclosure sale of the hotel.

On March 14, 2013, the hotel was sold at a foreclosure auction. The sale was not subject to the bankruptcy automatic stay. At that point, the asset left the potential bankruptcy estate and rendered moot Karam's appeal of the bankruptcy court's orders in *Karam I* lifting the stay and dismissing the case.

In this appeal, the Court cannot grant any effective relief to Karam. Karam failed to move for relief from the lifting of the automatic stay and the foreclosure sale proceeded. This rendered moot any appeal from the bankruptcy court's decisions in *Karam I*. Karam no longer owns the hotel and no plan of organization involving that asset can take place. Therefore, Karam's appeal is rendered moot by the bankruptcy mootness rule.

## CONCLUSION

Appellee BW Loan Holdings, LLC, moved the Court to dismiss Appellant Karam, Inc.'s appeal. For all of the foregoing reasons, **IT IS HEREBY ORDERED** that the Appellee's motion is **GRANTED** and the Appellant's appeal is **DISMISSED AS MOOT.**